may be incorporated as a part of reciprocating steam engines and steam locomotives; sewing machines; steam turbines; cash registers; printing machinery; bookbinding machinery; paper-box machinery; lawnmowers; machine tools; embroidery machines; lace-making machines; machines for making lace curtains, nets and nettings; knitting, braiding, lace braiding, and insulating machines, and all other similar textile machinery; cream separators, and other centrifugal machines; combined adding and typewriting machines; machines for cutting or hobbing gears; and in like manner paragraph 321 invades numerous other paragraphs and claims for classification the metal ball or roller bearings, and parts thereof, which may be incorporated as a part of the article *eo nomine* provided for in such other paragraphs.

With the above observations I concur in the conclusion reached by my associates in this case.

BEFORE THE THIRD DIVISION, JANUARY 31, 1947

**No. 51548.**—Protests 541055–G, etc., of Fujii Junichi Shoten, Ltd., et al. (Honolulu).

Opinion by CLINE, J. It was stipulated that the merchandise is bean flour similar in all material respects to that which was passed upon in *Togasaki* v. *United States* (23 C. C. P. A. 342, T. D. 48197). In accordance therewith the claim at 35 percent under paragraph 775 was sustained.

**No. 51549.**—Protest 47439–K of Woodward & Lothrop (Baltimore).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protest was sustained to this extent.

**No. 51550.**—Protests 113267–K, etc., of Bohemian Distributing Co. et al. (Los Angeles).

Opinion by EKWALL, J. It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination because of breakage, leakage, or damage. In accordance therewith it was held

that an allowance should have been made for the loss appearing upon the gaugers' returns as verified by the affidavits of the importers. The protests were sustained to this extent.

**No. 51551.**—Protests 123351–K, etc., of Schenley Import Corp. et al. (New York).

Opinion by EKWALL, J. It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination, because of breakage, leakage, or damage. In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gaugers' returns as verified by the affidavits of the importers. The protests were sustained to this extent.

JANUARY 30, 1947

**No. 51552.**—SUIT 4539.— —*John Heathcoat & Co., Inc.* v. *United States.* C. D. 956 affirmed December 9, 1946. C. A. D. 354.

BEFORE THE SECOND DIVISION, FEBRUARY 7, 1947

**No. 51553.**—Protests 585807–G, etc., of Julius Kayser & Co. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). In accordance therewith the claim at 50 percent ad valorem under paragraph 915, plus any additional duty applicable under paragraph 924, was sustained.

**No. 51554.**—Protests 922206–G, etc., of Julius Kayser & Co. (New York).