BEFORE THE THIRD DIVISION

JANUARY 11, 1950

No. 53914.—The Joscbra Company v. United States, protest 117513–K (San Francisco).

EKWALL, Judge: This case is before us on the question of the right of the plaintiff to amend its pleadings. Although the memoranda filed cover two protests, we will deal in this decision only with protest 117513–K. The original protest claims that internal revenue tax should be based upon the distilled spirit content of the imported brandy rather than upon the number of wine gallons. This claim is made under section 528, Tariff Act of 1930, and section 2800, Internal Revenue Code. An alternative claim is made that the rate under the Internal Revenue Code should be $2 rather than $9 per proof or wine gallon under authority of enumerated trade agreements. The protest also contains the usual printed claims for nonimportation, for classification as an unenumerated article, and under the similitude clause of the Tariff Act of 1930. The proposed amendment seeks to add the following:

Under paragraph 813, Tariff Act of 1930, as amended by the act of June 8, 1948, Public Law 612, duty should be assessed upon the same quantity of wines, liquors, cordials or distilled spirits as that which was subjected to final assessment of internal-revenue taxes.

The motion to amend is opposed by the Government on three grounds: (1) That it is in fact against the collector's reliquidation pursuant to the judgment of this court covering the same entry (Abstract 51947); (2) that it seeks relief beyond

the scope of this court's final judgment in a prior protest claiming allowance for loss upon the same entry and therefore is untenable for the reason that the question of dutiable quantities in that entry is no longer subject to protest, that issue having been disposed of by final decision of this court in said Abstract 51947, and the collector's reliquidation pursuant thereto giving no new right of protest except on the one question of whether he properly complied with the court's mandate; and (3) that plaintiff is estopped to make the claim set forth in the motion to amend by reason of expressed waivers and limitations set forth in the written stipulation previously filed in protest 117512–K, decided by said Abstract 59147.

We have examined the court record and find that the earlier protest (No. 117512–K) was filed March 29, 1945, and covers entry 2972, here involved. The claim there set forth was that duty and internal revenue tax had been assessed on too great a quantity. By amendment, which was duly granted, claim was made for loss under paragraph 813 of the Tariff Act of 1930. This protest (together with 119 others) was submitted upon a stipulation of counsel in which it was agreed:

1) That the merchandise and issues herein are similar in all respects to those involved in US v. Somerset Importers, 33 CCPA 138 CAD 328; that a quantity of liquor amounting to 10 percent or more of the value of the contents of each of the barrels, casks, packages, etc., described in the invoices and entries included herein, was lost in transit from the port of exportation to the port of destination, due to breakage, leakage or damage; that no allowance was made therefor in liquidation of the duties; and that said loss appears from the gauger's return verified by a timely affidavit by the importer.

2) That any refunds allowed in reliquidation of the entries involved herein shall be specifically limited to the merchandise covered by the official report of the United States gauger that shows a loss of 10 percent or more of the value of the contents of each of the aforesaid packages, and where the importer has filed with the collector of customs a verified affidavit within the 15-day period in accordance with paragraph 813, Tariff Act of 1930, and the customs regulations.

3) That the record in said CAD 328 may be admitted in evidence in these cases and that the protests may be deemed to be submitted on this stipulation.

The right of further amendment and of first docket call is hereby waived.

It is noted that counsel limited refunds to the merchandise described as "covered by the official report of the United States gauger that shows a loss of 10 percent or more of the value of the contents of each of the aforesaid packages, and where the importer has filed with the collector of customs a verified affidavit within the 15-day period in accordance with paragraph 813, Tariff Act of 1930, and the customs regulations." The judgment order in that case sustained the protest—

* * * as to the claims for refund of duties for loss in transit of alcoholic beverages caused by breakage to the extent appearing upon the gauger's returns as verified by the affidavits of the importers insofar as such loss appears as 10 per centum or more of the contents of the packages, and the collector will reliquidate the entries making allowance in duties in accordance with law.

An examination of the entry discloses that the liquidator's red-ink figures show that said entry was reliquidated without change the reason given being "Breakage affidavit not timely." In other words, no refunds were allowed in reliquidation.

The instant protest was filed on March 29, 1945, and covers the same entry as was involved in protest 117512–K, *supra*. The claims here made are that the revenue tax should be based on the distilled spirit content, and that said revenue tax should be assessed only on proof spirits and not on the basis of wine gallons. In the printed portion of the protest, classification claims are made as unenumerated articles under paragraph 1558 of the Tariff Act of 1930 and under the similitude clause of paragraph 1559 or section 502 (c) of that act. The amendment, filed September 30, 1949, seeks to add the claim that "duty should be assessed upon the same quantity of wines, liquors, cordials or distilled spirits as that

which was subjected to final assessment of internal-revenue taxes," under authority of the amendment to paragraph 813, *supra* (Public Law 612 of June 8, 1948). Said Public Law 612 became effective on June 9, 1948. We quote the pertinent language thereof pertaining to the merchandise affected thereby:

Sec. 2. This amendment shall be effective as to all such merchandise entered, or withdrawn from warehouse, for consumption on or after the day following the date of the enactment of this Act and shall apply also to any such merchandise entered or withdrawn before that day with respect to which the liquidation of the entry or withdrawal, the exaction, or the decision as to dutiable quantity has not become final by reason of section 514, Tariff Act of 1930.

The amendment now sought was not available to plaintiff at any time prior to the decision in protest 117512–K.

That an importer is not restricted as to the number of protests he may file was decided in an early decision. See *Samuel C. Davis & Co.* v. *United States,* T. D. 15815, G. A. 2915. We quote from that decision as follows:

There is nothing in the law, however, to prevent importers from filing two or more protests covering the same goods, and it has become the common practice to do this where dissimilar questions are raised; * * * the importers actually did file two protests, differing in a material point; and the surveyor having now transmitted the second protest, the Board will consider it as a new case.

That situation is before us in the instant case. Here, the importer filed two protests, the first claiming that duty and internal revenue tax were assessed on too great a quantity; that customs duties should have been assessed only on the quantity withdrawn from manipulating warehouse; and, by amendment, that allowance for loss should be made under paragraph 813, *supra.* The second protest, the one now before us for amendment, claims that the internal revenue tax should be based on the distilled spirit content; that it should be assessed only on proof spirits and not on wine gallons. Both protests contain classification claims under paragraphs 1558, 1559, and section 502 (c) of the Tariff Act of 1930. We find that the protests differ in a material point, viz, the basis upon which internal revenue tax should be assessed. Therefore, under the ruling above set forth, plaintiff is within its legal rights in filing the second protest. Under the court rules a protest may be amended. (Rule 9, Customs Court rules, as amended and made effective January 7, 1949.) The rule as to amendments to protests, as found in the case of *United States* v. *Macksoud Importing Co. et al.,* 25 C. C. P. A. (Customs) 44, T. D. 49041, in substance, is that amendments are permissible which present new and additional claims which might have been made in the original protest as to the merchandise covered by that protest.

In the able brief filed on behalf of the Government, it is claimed that the motion is untimely for the reason that it in fact a protest against the collector's reliquidation pursuant to a judgment of this court, and that the question of dutiable quantity as to the entry covered by the motion is no longer subject to protest, that issue having been disposed of by final decision of this court. Further, it is contended that plaintiff is estopped to make the claim set forth in the motion by reason of express waivers and limitations set forth in the written stipulation filed in the earlier protest.

It is the opinion of the court that the question before us for determination is one of procedure, i. e., whether the amendment sought may properly be made to the protest before us. Said amendment refers to the same merchandise as that covered by the instant protest, which has been held to be a prerequisite to the granting of the motion to amend. See *United States* v. *Macksoud, supra.* Said motion was filed prior to the time the case was called for trial. (Rule 9, *supra.*)

On the question of whether plaintiff is estopped to make the claim set forth in the motion by reason of express waivers and limitations set forth in the written

stipulation filed in the earlier protest, Government counsel cites the case of *W. X. Huber* v. *United States*, 66 Treas. Dec. 986, Abstract 29015. We find that case inapposite. There, an importer expressly waived its right to protest the collector's classification of a shipment of goods in order to obtain immediate delivery of the same. Subsequently, it filed a protest against the collector's classification, and this court held that plaintiff was estopped from prosecuting the protest for the reason that the collector had altered his conduct in consideration of the waiver. We find no analogous situation here. The stipulation of submission agreed to waive the right to further amend the protest. There was no agreement that importer should waive its right to amend another protest which covered the same entry, i. e., the protest now before us. In any event, it is the opinion of the court that the arguments set forth in the memorandum in opposition to the motion to amend go to the merits of the amendment sought rather than to the right of the plaintiff to present the same. As above stated, the merits of the controversy are not before us at this time.

For the reasons above set forth the motion to amend is granted.