**No. 54302.**—Continental Distributing Co. *v.* United States, protest 110833–K (Portland, Oreg.).

JOHNSON, Judge: The merchandise in question consists of two shipments of port wine which was unladen at the port of Philadelphia and transshipped to Portland, Oreg., under immediate transportation entries. The collector assessed duty upon the basis of the landed quantity at Philadelphia. Plaintiff claims that duty was assessed upon too great a quantity as allowance was not made for outage as shown upon the gauger's return at the port of Portland. It was alternatively claimed that duty should not have been based upon a larger quantity than that upon which the internal revenue tax was assessed.

At the trial the plaintiff produced evidence to establish that the shipments were in a damaged condition upon arrival at Portland, Oreg. The case was brought to trial under the theory of law established by the appellate court in the case of *United States* v. *Somerset Importers, Ltd.*, 33 C. C. P. A. (Customs) 138,

450

C. A. D. 328, wherein the breakage, leakage, or damage on wines, etc., while in transit from a foreign port, as provided for in paragraph 813 of the Tariff Act of 1930, was held to be ascertainable as of the time of entry at the port of final destination, in accordance with the Government gauger's return. After submission of the case for decision, paragraph 813, *supra*, was amended by Public Law 612. Motion was made and granted to set aside the submission and restore the case to the docket, and an attempt was made to amend the protest to include claims under Public Law 612. Motion to amend, however, was denied, and the case was then resubmitted for decision.

The situation before the court in this case is on all fours with that the subject of decision in *Parrott & Company* v. *United States*, 24 Cust. Ct. 71, C. D. 1210. There, the court held that inasmuch as the protest originally claimed that duty was assessed upon the basis of too great a quantity of wine, by reason of the provisions of paragraph 813, that paragraph, as amended, in view of the retroactive provisions of Public Law 612, was applicable to the quantities in question before the court.

As to entry No. 206, the internal revenue tax was based upon 3693.67 gallons whereas the duty was based upon 4686.03 gallons. In entry 205, the internal revenue tax was based upon 9054.18 gallons and the duty upon the basis of 9193.29 gallons.

Following this court's decision in the *Parrott & Company* case, *supra*, judgment will be entered in favor of the plaintiff, directing the collector to reliquidate the entries in accordance with the provisions of paragraph 813, as now in force, and make refund of all duties taken upon quantities of wine in excess of the quantities upon which internal revenue taxes were finally assessed.