(C. D. 1476)

THE JOSEBRA COMPANY *v.* UNITED STATES

United States Customs Court, Third Division

(Decided November 20, 1952)

*Lawrence, Tuttle & Harper* (*Walter I. Carpeneti* of counsel) for the plaintiff.
*Charles J. Wagner,* Acting Assistant Attorney General (*Richard E. FitzGibbon* and *William J. Vitale,* special attorneys), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges; CLINE, J., not participating

EKWALL, Judge: These cases, which have been consolidated, are directed against the basis upon which internal revenue taxes were assessed upon importations of alcoholic beverages and also the rate of such tax. By amendments to the pleadings, it is claimed that refund of customs duties should be made on such quantities of the merchandise as were found to be in excess of the quantities assessed with internal revenue taxes. This latter claim is made under the provisions of paragraph 813 of the Tariff Act of 1930, as amended by section 32 of the Customs Administrative Act of 1938, and Public Law 612, approved June 8, 1948. Plaintiff is not here contesting the rate of internal revenue taxes but relies upon the claim in the amendment to its pleadings.

Earlier protests were filed involving the entries herein and directed against the action of the collector of customs in failing to allow for breakage, leakage, or damage, and for the resultant loss of spirits or wine, under the provisions of said paragraph 813, as enacted prior to the amendment thereto. These protests, numbered 115892–K, 117512–K, and 126421–K, were decided by this court on October 9, 1947, and reported in 19 Cust. Ct. 146, Abstract 51947 (initial No. 109451–K). There, the court sustained plaintiffs' claim for allowance for loss insofar as such loss appeared on the gaugers' returns, as verified by the affidavits of the importers. In the stipulation upon which

those cases were submitted, plaintiffs waived the right to further amend said protests and agreed as follows:

\* \* \* any refunds allowed in reliquidation of the entries involved herein shall be specifically limited to the merchandise covered by the official report of the United States gauger that shows a loss of 10 percent or more \* \* \* .

On February 5, 1948, the collector of customs reliquidated the entries involved, in accordance with the judgment of the court. At the time of the reliquidation, the instant protests had not been submitted and were still pending. Subsequent to the enactment of Public Law 612, *supra*, motions to amend the instant pleadings were duly filed and were granted by the court. These cases were thereafter submitted upon a stipulation of counsel agreeing upon the facts as summarized above and further agreeing that "the stipulation is limited to the wines, liquors, cordials, distilled spirits and other beverages covered by the protests herein, upon which duties were assessed under Schedule 8, Tariff Act of 1930, upon quantities in excess of the quantities subject to internal-revenue taxes" and "That the protests are limited to the claim under paragraph 813 of the Tariff Act of 1930, as amended by Public Law 612, and abandoned as to all other merchandise and claims not referred to herein."

Said Public Law 612 amended paragraph 813 of the Tariff Act of 1930 to read as follows:

PAR. 813. Notwithstanding any other provision of this Act, the duties imposed on beverages in this schedule which are subject also to internal revenue taxes shall be imposed only on the quantities subject to such taxes.

SEC. 2. This amendment shall be effective as to all such merchandise entered, or withdrawn from warehouse, for consumption on or after the day following the date of the enactment of this Act and shall apply also to any such merchandise entered or withdrawn before that day with respect to which the liquidation of the entry or withdrawal, the exaction, or the decision as to dutiable quantity has not become final by reason of section 514, Tariff Act of 1930.

It is contended on behalf of the Government that the plaintiff cannot avail itself of the retroactive provisions of said Public Law 612, for the reason that such provision is expressly limited to entries upon which the dutiable quantity has not become final under the provisions of section 514 of the Tariff Act of 1930. Government counsel contends that the question of dutiable quantity was determined by the judgment of this court in its decision (said Abstract 51947), involving these same entries, and that no appeal having been taken from that decision, the judgment became final and conclusive against all parties under the provisions of section 515 of the Tariff Act of 1930. Further, that to allow this claim would be tantamount to a successful attack upon the reliquidation made by the collector pursuant to this court's judgment in said Abstract 51947.

Plaintiff claims that its position is supported by the decision of this court (Abstract 53914) on a motion to amend the pleadings in protest

117513–K, one of the protests here involved. We there held that for the reasons that the amendment referred to the same merchandise and was filed prior to the time the case was called for trial, it was permissible, citing *United States* v. *Macksoud Importing Co. et al.*, 25 C. C. P. A. (Customs) 44, T. D. 49041, and rule 9 of the rules of this court in effect at that time. In that decision, the court refused to pass upon the claims presented by Government counsel, which were the same as those presented in the instant case and set forth above, for the reason that such claims went to the merits of the amendment rather than to the right of the plaintiff to present the same. Those issues are now before us on the merits of the amendment, and we will proceed to a determination of same.

The law is well settled that an importer is not restricted as to the number of protests he may file. *Samuel C. Davis & Co.* v. *United States*, T. D. 15815, G. A. 2915. Therefore, the instant protests, although relating to and covering three of the entries involved in the decision of this court reported as Abstract 51947, *supra*, constitute legal pleadings. However, it is necessary to consider (1) whether the judgment of the court in said decided case operates as a bar to the right of the court to entertain the claims in the instant protests and (2) whether the doctrine of estoppel by waiver prevents the importer from recovering under Public Law 612, *supra.*

On the first point, the judgment of this court as to the dutiable quantity had become final only insofar as it pertained to the issue of failure on the part of the collector to allow for breakage, leakage, or damage, and the resultant loss under paragraph 813, *supra*, as in force at that time. Inasmuch as other protests were pending at the time this court decided that issue and such protests also involved the question of dutiable quantity under other provisions of the statute, there could be no final decision until the court handed down its judgment determining the issues involved in such other protests.

In determining whether the agreement as to the limitation of refunds constituted a waiver, we must consider the elements of a legal waiver. By reference to American Jurisprudence, volume 56, we find the following:

While there are several forms of statement, according to the generally accepted definition, a waiver is the intentional relinquishment of a known right. [Sec. 2.]

\* \* \* Waiver presupposes a full knowledge of a right existing and an intentional surrender or relinquishment of that right. It contemplates something done designedly or knowingly, which modifies or changes existing rights or varies or changes the terms or provisions of the contract. [Sec. 3.]

The essential elements of a waiver, within the definitions already given, are the existence, at the time of the alleged waiver, of a right, advantage, or benefit, the knowledge, actual or constructive, of the existence thereof, and an intention to relinquish such right, advantage, or benefit. [Sec. 12.]

To constitute a waiver, the right or privilege alleged to have been waived must have been in existence at the time of the alleged waiver. * * * [Sec. 13.]

Since an intention to relinquish an existing right or advantage is generally regarded as an essential of a waiver, it follows that it must be shown by the party claiming a waiver that the person against whom the waiver is asserted had at the time knowledge, actual or constructive, of the existence of his rights or of the facts upon which they depended. * * * [Sec. 14.]

At the time the stipulation agreeing to the limitation of refunds was entered into, no right was in existence under Public Law 612. That right was created on June 9, 1948, more than 6 months subsequent to the decision in Abstract 51947. Therefore, there could have been no intention on the part of the plaintiff herein to relinquish its right to refunds which might be allowable under said Public Law 612. Under the definitions above set forth, said agreement does not constitute a waiver.

On the merits of the claim under said Public Law 612, the only indication in the stipulation upon which the instant cases have been submitted as to the character of the merchandise is that it "consists of alcoholic beverages" and that "the stipulation is limited to the wines, liquors, cordials, distilled spirits and other beverages covered by the protests herein, upon which duties were assessed under Schedule 8, Tariff Act of 1930, upon quantities in excess of the quantities subject to internal-revenue taxes." In view of the decision in the case of *Austin, Nichols & Co., Inc.* v. *United States*, 22 Cust. Ct. 33, C. D. 1155, and of the terms of said Public Law 612, we sustain the plaintiff's claim as to the alcoholic beverages covered by the entries involved herein upon which duties were assessed under schedule 8, *supra*, upon quantities in excess of the quantities subject to internal revenue taxes.

Judgment will be rendered accordingly.