**No. 57420.**—British American Importation Co., Ltd. *v.* United States, protest 118502–K (Los Angeles).

JOHNSON, Judge: The protest in this case involves the quantities of certain distilled spirits upon which customs duties should be assessed. By timely amendment to the pleadings, it was further claimed that the customs duties should have been assessed upon the same quantities as used in the assessment of internal revenue taxes by reason of the provisions of Public Law 612, approved June 8, 1948, amending paragraph 813 of the Tariff Act of 1930.

At the trial, it was agreed between counsel for both sides that the quantities of distilled spirits covered by the four entries herein upon which the duty and the internal revenue taxes were assessed are as follows:

| Warehouse entry | Quantity upon which duty was assessed | Quantities upon which I. R. tax was assessed | Difference—Duty in excess of tax |
|---|---|---|---|
| 1604 | 79, 215. 24 gal. | 78, 794. 90 gal. | 420. 34 gal. |
| 1647 | 19, 771. 99 " | 19, 620. 40 " | 151. 59 " |
| 1675 | 45, 791. 80 " | 45, 563. 90 " | 227. 90 " |
| 1803 | 21, 350. 79 " | 19, 494. 50 " | 1, 856. 29 " |

It was further agreed between counsel that the question at issue involves the duties assessed upon quantities in excess of the quantities subject to internal revenue tax. Counsel for the Government admits that such excess in duties properly comes within the provisions of Public Law 612, *supra*, and that under the decision in the case of *Austin, Nichols & Co., Inc.* v. *United States*, 22 Cust. Ct. 33, C. D. 1155, such duties should be refunded.

However, as to warehouse entry 1803, involving 1,856.29 gallons, upon which duties were claimed to have been illegally assessed under said public law, it is the contention of the Government that the duty upon said quantities, as assessed by the collector, has become final and conclusive upon all parties, for the reason that the same entry was the subject of protest 118501–K, upon the question of quantity, and that such protest was decided on January 31, 1947, *Bohemian Distributing Co. et al.* v. *United States*, 18 Cust. Ct. 156, Abstract 51550, and, therefore, this protest, insofar as it pertains to entry 1803, should be overruled.

The question at issue as to entry 1803 is whether an earlier stipulation on another protest bars the importer from relief from duties made excessive under the provisions of Public Law 612.

In the case of *The Josebra Company* v. *United States*, 29 Cust. Ct. 244, C. D. 1476, now pending on appeal to the United States Court of Customs and Patent Appeals, suit 4769, earlier protests were filed against the same entries and a decision was rendered by the court sustaining plaintiff's claim for allowance for loss insofar as such loss appeared on the gaugers' returns, as verified by the affidavits of the importers. In the stipulation upon which those cases were submitted, plaintiffs waived the right to further amend the protests, and, also, any refunds allowed in reliquidation of the entries involved therein were limited to the merchandise covered by the official report of the United States gauger that showed a loss of 10 per centum or more. The collector reliquidated the entries in accordance with the judgment of the court. At the time of said reliquidation, the protests covered by the *Josebra* case, *supra*, were still pending. During such pendency Public Law 612 was enacted, and motions to amend were duly filed and granted by the court. Then, the case was submitted upon a stipulation agreeing that the "stipulation is limited to the wines, liquors, cordials, distilled spirits and other beverages covered by the protests herein, upon which duties were assessed under Schedule 8, Tariff Act of 1930, upon quantities in excess of the quantities

subject to internal-revenue taxes," and "That the protests are limited to the claim under paragraph 813 of the Tariff Act of 1930, as amended by Public Law 612, and abandoned as to all other merchandise and claims not referred to herein."

The Government there contended that the plaintiff could not avail itself of the retroactive provisions of said Public Law 612, for the reason that such provision is expressly limited to entries upon which the dutiable quantity had not become final under the provisions of section 514 of the Tariff Act of 1930, and that such dutiable quantity had been determined by the court, no appeal had been taken therefrom, and the judgment had become final and conclusive against all parties under the provisions of section 515.

The court found it necessary to consider (1) whether the judgment of the court in said decided case operated as a bar to the right of the court to entertain the claims in the protests there under consideration and (2) whether the doctrine of estoppel by waiver prevented the importer from recovery under Public Law 612, *supra.*

On the first point, the court found that the judgment as to the dutiable quantity had become final only insofar as it pertained to the issue of failure on the part of the collector to allow for breakage, leakage, or damage, and the resultant loss under paragraph 813, in force at the time of decision in that case, and that inasmuch as other protests covered the same entries which, because of the passage of Public Law 612, involved other issues, there could be no final determination until the court handed down its judgment determining such issues.

As to the question of waiver, the court found that when the stipulation was entered into no right was in existence under Public Law 612 and, therefore, there could not have been any intention on the part of the plaintiff to relinquish its right to refunds which might be allowable under said Public Law 612, and the court held that the agreement did not constitute a waiver. Such questions having been settled favorable to plaintiff, judgment was entered refunding all duties taken upon quantities in excess of the quantities subject to internal revenue taxes.

In view of the decision cited, the Government's contention is ineffective that the protest should be overruled as to entry 1803. Judgment will therefore be entered in favor of the plaintiff directing the collector to reliquidate the entries in accordance with the provisions of Public Law 612, and refund all duties taken upon quantities in excess of the quantities upon which internal revenue taxes are finally assessed. In all other respects the protest is overruled.