UNITED STATES *v.* THE JOSEBRA COMPANY (No. 4769) [1]

United States Court of Customs and Patent Appeals, February 3, 1954

*Warren E. Burger*, Assistant Attorney General (*William J. Vitale*, special attorney, of counsel), for the United States.

*Lawrence, Tuttle & Harper* (*Frank L. Lawrence* and *George R. Tuttle* of counsel) for appellee.

[Oral argument December 11, 1953, by Mr. Vitale and Mr. George R. Tuttle]

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Associate Judges

O'CONNELL, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, Third Division, rendered pursuant to its decision, 29 Cust. Ct. 244, C. D. 1476, sustaining three protests filed by appellee, the importer. A motion to vacate the judgment and for a rehearing was denied, Abstract 57008.

The merchandise consists of three entries of alcoholic beverages imported with other such entries during 1944 at the port of San Francisco, each entry being the subject of a single, timely protest.

The protests were amended before trial on appellant's motion, and were allowed as a matter of procedure. *The Josebra Company* v. *United States*, 24 Cust. Ct. 334, Abstract 53914. There the court below dealt with one of the involved protests, No. 117513K, as representative, noted the claims thereof, and the proposed amendment submitted by appellant:

The original protest claims that internal revenue tax should be based upon the distilled spirit content of the imported brandy rather than upon the number of wine gallons. This claim is made under section 528, Tariff Act of 1930, and section 2800, Internal Revenue Code. An alternative claim is made that the rate under the Internal Revenue Code should be $2 rather than $9 per proof or wine gallon under authority of enumerated trade agreements. The protest also contains the usual printed claims for nonimportation, for classification as an unenumerated article, and under the similitude clause of the Tariff Act of 1930. The proposed amendment seeks to add the following:

Under paragraph 813, Tariff Act of 1930, as amended by the act of June 8, 1948, Public Law 612, duty should be assessed upon the same quantity of wines, liquors, cordials or distilled spirits as that which was subjected to final assessment of internal-revenue taxes.

Subsequently the protests were consolidated for trial on the merits and the issue was submitted on stipulation.

The described amendments were again·allowed by the Customs Court in accordance with the provisions of paragraph 813 of the Tariff Act of 1930, as amended by section 32 of the Customs Administrative Act of 1938,[1] and Public Law 612, approved June 8, 1948, which further amended said paragraph 813 to read as follows:

Par. 813. Notwithstanding any other provision of this Act, the duties imposed on beverages in this schedule which are subject also to internal revenue taxes shall be imposed only on the quantities subject to such taxes.

Sec. 2. This amendment shall be effective as to all such merchandise entered, or withdrawn from warehouse, for consumption·on or after the day following the date of the enactment of this Act and shall apply also to any such merchandise entered or withdrawn before that day with respect to which the liquidation of the entry or withdrawal, the exaction, of the decision as to dutiable quantity has not become final by reason of section 514, Tariff Act of 1930.

Section 514 of the Act of 1930, so far as pertinent, provides:

* * * all decisions of the collector * * * as to the rate and amount of duties chargeable * * * and his liquidation * * * shall, upon the expiration of 60 days after the date of such liquidation * * * be final and conclusive on all persons * * * unless the importer * * * shall, within 60 days after * * * such liquidation * * * file a protest in writing * * *.

Appellee at the trial of the case on the merits in the Customs Court relied solely and successfully upon the claim in the amended protests; namely, that refund of customs duties should be made on such quantities of the merchandise as were found to be in excess of the quantities assessed with internal revenue taxes.

Counsel for the Government contend that the judgment appealed from should be reversed on the ground that the Customs Court erred in granting appellee's motions to amend the protests hereinbefore described so as to include the contested claim under Public Law 612, citing *Schenley Distilleries, Inc.* v. *United States*, 40 C. C. P. A. (Customs) 202, C. A. D. 519, and asserting that this court therein "held a similar judgment to be final under identical circumstances."

There is, however, a wide and predominant distinction between the protests at bar, which were pending within the purview of section 514, when Public Law 612 was enacted, and the protest in the *Schenley* case, which had been overruled by the Customs Court in a judgment which had become final and conclusive under section 515 prior to the enactment of Public Law 612.

The applicable change effected by the new legislation was comprehensively and correctly stated in a previous decision rendered by the

---

[1] Par. 813. There shall be no constructive or other allowance for breakage, leakage, or damage on wines, liquors, cordials, or distilled spirits, except that when it shall appear to the collector of customs from the gauger's return, verified by an affidavit by the importer to be filed within fifteen days after the delivery of the merchandise, that a cask or package has been broken or otherwise injured in transit from a foreign port and as a result thereof a part of its contents, amounting to 10 per centum or more of the total value of the contents of the said cask or package in its condition as exported, has been lost, allowance therefor may be made in the liquidation of the duties.

Customs Court in the case of *Austin, Nichols & Co.* v. *United States,* 22 Cust. Ct. 33, 35, 43, C. D. 1155, where it was held:

\* \* \* the amendment under Public Law 612 was retroactive in effect, inasmuch as it not only applied to future importations but included such alcoholic beverages as were covered by entries the collector had liquidated where the collector's action had not become final by reason of the filing of protests against such action \* \* \*.

\* \* \* \* \* \* \*

Under the law as it now stands, it is mandatory that such liquidations shall be reliquidated and duties assessed only upon quantities subject to the levy of internal revenue tax.

We agree with the views expressed in the decision of the trial court hereinbefore described.

The judgment of the United States Customs Court, for the reasons stated, is *affirmed.*