**No. 58300.**—Alfred Hart Distilleries, Inc. *v.* United States, protest 116187–K (Los Angeles).

EKWALL, Judge: The merchandise involved in this protest consists of brandy entered for warehouse at Los Angeles on February 18, 1944. The entry was liquidated on July 21, 1944, and two protests were thereafter filed. The first, dated August 3, 1944 (exhibit 1), claimed an allowance because of a shortage and manipulation loss. It was allowed by the collector, and the entry was reliquidated on January 22, 1945.

The instant protest was filed on August 28, 1944, against the original liquidation and is directed against the basis upon which the internal revenue tax was assessed and also the rate of such tax. On March 9, 1953, the protest was amended to include a claim that under paragraph 813 of the Tariff Act of 1930, as amended by the act of June 8, 1948, Public Law 612 (62 Stat. 344), duty should be assessed upon the same quantity as that which was subjected to final assessment of internal revenue tax. It is this claim which is now relied upon by the plaintiff.

Said Public Law 612 amending paragraph 813 provides as follows:

PAR. 813. Notwithstanding any other provision of this Act, the duties imposed on beverages in this schedule which are subject also to internal revenue taxes shall be imposed only on the quantities subject to such taxes.

SEC. 2. This amendment shall be effective as to all such merchandise entered, or withdrawn from warehouse, for consumption on or after the day following the date of the enactment of this Act and shall apply also to any such merchandise entered or withdrawn before that day with respect to which the liquidation of the entry or withdrawal, the exaction, or the decision as to dutiable quantity has not become final by reason of section 514, Tariff Act of 1930.

At the trial, Frank W. Schoeppe, liquidator at the port of Los Angeles, testified that, when the entry was originally liquidated, duty was assessed at $2.50 per gallon on 5,967.6 gallons and internal revenue tax at $9 per gallon on 5,963 gallons. As a result of the protest filed on August 3, 1944, the entry was reliquidated and duty assessed on 5,931.6 gallons and internal revenue tax on 5,772.8 gallons.

At the conclusion of the trial, counsel for the Government moved to dismiss the protest as to the claim under Public Law 612, *supra*. Decision on the motion was reserved.

The sole question involved herein is whether duty on the imported brandy should be assessed only on the quantity subject to internal revenue tax by reason of Public Law 612, *supra*. The Government claims it should not, on the ground that the original protest was not subject to amendment to add a claim under Public Law 612, since the protest of August 3, 1944, had already raised the question of dutiable quantity; that the reliquidation in accordance with that protest was final as to dutiable quantity; that no question as to said quantity was pending when Public Law 612 was enacted; that, therefore, the retroactive provision thereof was not applicable.

Like contentions were before the courts in *The Josebra Company* v. *United States*, 29 Cust. Ct. 244, C. D. 1476, affirmed *sub nom United States* v. *The Josebra Company*, 41 C. C. P. A. (Customs) 206, C. A. D. 552, where a similar fact situation was involved. In that case, protests were filed against the action of the collector in failing to allow for breakage, leakage, or damage, and the resultant loss of spirits, under paragraph 813 prior to the amendment thereof. The protests were sustained, and the collector reliquidated in accordance with the judgment of the court. Other protests, directed against the basis upon which internal revenue taxes had been assessed and against the rate thereof were

pending and were subsequently amended to include a claim under Public Law 612. That claim was sustained by the trial court and affirmed by the court of appeals. The trial court pointed out in its opinion that an importer is not restricted as to the number of protests he may file and that a reliquidation by the collector, in pursuance of a judgment involving the dutiable quantity of the merchandise, did not preclude the importer from prosecuting other protests, which likewise involved the question of dutiable quantity under other provisions of the statute. The only difference between that case and the one at bar is that, there, the collector reliquidated the earlier protests, in pursuance of a judgment, while here, he reconsidered the liquidation himself and decided that it was erroneous. In both cases, the later protests were pending within the purview of section 514 of the Tariff Act of 1930 when Public Law 612 was enacted; therefore, the change effected by the new legislation is applicable to the merchandise involved herein.

We hold that duty on the instant merchandise is assessable only upon the quantity subject to internal revenue tax. The Government's motion to dismiss the protest as to the claim under Public Law 612 is denied, and said claim is sustained. Judgment will be rendered accordingly.