PHILLIPS PETROLEUM COMPANY *v.* UNITED STATES (No. 5240)*

---

*C.A.D. 893.

8

James Mullen for appellant.

J. William Doolittle, Acting Assistant Attorney General, Andrew P. Vance, Chief, Customs Section, Morris Braverman for the United States.

[Oral argument November 8, 1966 by Mr. Mullen and Mr. Braverman]

Before WORLEY, Chief Judge, and RICH, SMITH, and ALMOND, Associate Judges, and Judge WILLIAM H. KIRKPATRICK**

SMITH, Judge, delivered the opinion of the court:

This is an appeal from an order of the United States Customs Court, Third Division, 52 Cust. Ct. 278, Abs. 68339, denying the importer's motion to *amend* a protest for *reliquidation* made under 19 USC 1520. The lower court sustained the protest, 55 Cust. Ct. 482, Abs. 69632, and this appeal tests only the correctness of the lower court's ruling regarding the proposed amendment.

The facts are not disputed and are well summarized in appellee's brief:

* * * Consumption Entries 1613–H and 1874–H were filed with the Collector of Customs at the port of Houston, Texas on September 12, 1956 and September 25, 1956. Both entries covered importations of a product invoiced as "myrtan extract", an extract of eucalyptus suitable for use in tanning dutiable at the time of entry at the rate of 7½% ad valorem under the provisions of paragraph 38 of the Tariff Act of 1930, as modified.

The merchandise was invoiced at a unit value of 7.9¢ per pound C & F Houston. At the time of entry in each of the two importations, the importer, by a voluntary addition, entered the merchandise at $171.60 per long ton, less inland freight. * * *

The merchandise was appraised at the entered values on *December 7, 1956.* No appeal for reappraisement was filed by the importer.

The entries were both liquidated "As entered" on *January 21, 1957.* No protests were filed against the *liquidation* of these entries.

On September 6, 1957, the importer requested the Collector of Customs at the port of Galveston, Texas, to reliquidate the two entries involved herein to correct a mistake or inadvertence pursuant to the provisions of section 520(c)(1) of the Tariff Act of 1930, as amended. * * *

The issue which the *request as filed* under section 520 presented is that:

* * * Through clerical error, mistake of fact or other inadvertence in preparation of both entries, the $171.60 per long ton figure was taken for the home consumption price, and after deducting nondutiable charges from the invoice price, the entered value was raised to equal the unit price stated in column 11. The effect of such action was to include harbor charges and ocean freight as a

**Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

part of the entered value. Liquidation of both entries was based upon the erroneous net values set out in the entries. Upon a reliquidation of both entries based upon correct values, protestant will be entitled to refunds for duties erroneously paid.

The remaining facts are as follows: On September 17, 1957, the collector advised the importer that no clerical error existed in the appraisement and denied the request for reliquidation. On November 14, 1957, the importer protested the collector's refusal to reliquidate the two entries. After the protest was filed, Congress passed Public Law 85–645, 72 Stat. 602, which appellant alleges entitles it to duty-free entry of the merchandise. Appellant then sought to amend the protest to include a claim for duty-free entry and the two decisions of the lower court followed.

The pertinent portions of the Tariff Act of 1930, as amended, which are here involved are as follows:

SEC. 514. PROTEST AGAINST COLLECTOR'S DECISIONS.

* * * all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable * * * and his liquidation or reliquidation of any entry * * * shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon all persons * * * unless the importer, consignee, or agent of the person * * * shall, within sixty days after * * * file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. The reliquidation of any entry shall not open such entry so that a protest may be filed against the decision of the collector upon any question not involved in such reliquidation.

SEC. 520. REFUNDS AND ERRORS, as amended by the Customs Simplification Act of 1953, 67 Stat. 519.

(c) Notwithstanding a valid protest was not filed, the Secretary of the Treasury may authorize a collector to reliquidate an entry to correct—

(1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, appraisement, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the customs service within one year after the date of entry, appraisement, or transaction, or within sixty days after liquidation or exaction when the liquidation or exaction is made more than ten months after the date of the entry, appraisement, or transaction; * * *

Paragraph 1670(b) of the Tariff Act of 1930, as amended by Public Law 85–645, 72 Stat. 602:

Extracts, tanning: * * *; and extracts decoctions and preparations of eucalyptus (irrespective of their chief use) suitable for use for tanning; all the foregoing not containing alcohol and not specially provided for.

Section 4(b) of Public Law 85–645, 72 Stat. 602:

* * * The amendment made by subsection (a) of this section [to paragraph 1670(b)] shall apply to articles entered, or withdrawn from warehouse, for

consumption on or after the date of the enactment of this Act [August 14, 1958] and prior to September 29, 1960, and to articles covered by entries or withdrawals which have not been liquidated or the liquidation of which has not become final on such date of enactment.

Appellant filed no protest within sixty days after the liquidation of the entries. Appellant proceeded under section 520 and its protest was filed 297 days after liquidation, within the time limit imposed by that section.

 Appellant's argument here, as in the lower court, is that "liquidation" had not become "final" as of August 14, 1958, the date Congress allegedly [1] provided for duty-free entry of merchandise identical to that imported. According to appellant:

These facts speak for themselves. The very nature of the case shows that the liquidation of the involved entries had not become final on August 14, 1958; otherwise the court could not have ordered a reliquidation of the entries. A reliquidation supersedes the original liquidation. (See *United States* v. *Parkhurst & Co., et al.*, 12 Cust. Appls. 370, T.D. 40522; *Hudson Twdg. & Shipping Co.* v. *United States*, 63 Treas. Dec. 819, T.D. 46389.) It is an anomaly in the law to say that a liquidation is final, but may be reliquidated The answer is that where an entry is still subject to reliquidation the previous liquidation of the entry has not become final.

The lower court disposed of the above argument as follows:

* * * We have no discretion to permit amendment that would protest liquidation, after the statutory period has run during which liquidation may be protested. In *Norman G. Jensen, Inc.* v. *United States*, 48 Cust. Ct. 304, Abstract 66357, and *F. W. Myers & Co., Inc.* v. *United States*, 47 Cust. Ct. 358, Abstract 66197, where Congress had enacted legislation granting new tariff classification, the protests which were amended were protests against the liquidation, raising a classification issue.

*J. Honig* v. *United States*, 16 Cust. Ct. 276, Abstract 51091, was a case in which, as here, liquidation had not been protested. We held that a classification claim could not be raised by amendment to a protest based on clerical error. As Judge Ekwall said, "To allow an amendment in the form of a classification claim to such a protest would nullify the statute of limitations in section 514. * * * It is obvious that claim to free entry, here sought, is a classification claim.

Plaintiff asserts that liquidation had not become final on August 14, 1958, the date of enactment of Public Law 85-645. We think the law is otherwise. Liquidation had become final, under the express provision of section 514, not having been timely protested. All that is before us is a protest, not against liquidation, but against the refusal of the collector to *reliquidate* to correct an alleged clerical error on plaintiff's part in entering its merchandise.

It appears that the fact situation closest to the present was considered in *Honig*, supra. Therein a protest predicated solely upon a claim of clerical error was sought to be amended by the addition of a classification claim having a basis which antedated the liquida-

---

[1] The correctness of the position asserted in the amendment to the protest, the duty-free status of the imported goods, has not been passed on.

tion. The motion to amend the protest was denied, the court stating, 16 Cust. Ct. at 278:

> In the case at bar liquidation had become final unless there has been a clerical error within the meaning of section 520(a) as more than 60 days have elapsed since the date of liquidation without the alleged error being corrected. To allow an amendment in the form of a classification claim to such a protest would nullify the statute of limitations in section 514, Tariff Act of 1930. The motion to amend the protest is therefore denied.

Here the classification which appellant seeks was not in existence until over 1 year after the entries were liquidated.

We see no reason to depart from the plain wording of sections 514 and 520. ▮ Congress expressly provided that liquidations shall be *final and conclusive on all persons unless* a timely protest is filed. It also provided that *clerical error, mistake of fact or other inadvertence* may be corrected if timely brought to the attention of the Customs service. Section 520, in its preamble, states that relief may be granted *notwithstanding a valid protest was not filed* for the situations listed therein. Section 520 thus does not control over section 514; rather it permits limited relief in the situations defined therein. The construction urged by appellant, we think, is contrary to the express terms of sections 514 and 520. We do not find appellant's authorities apposite. A reliquidation may supersede a liquidation. This has not been disputed by either the lower court or appellee. ▮ However, section 520 does not provide that any claim may be raised when it is joined with a protest as to clerical error. In the authorities cited by appellant,[2] it is conceded that the amendment of a protest to include a claim which was not available to the importer at the time the protest was filed involved situations where a timely protest against liquidation had been filed.

The judgment of the lower court is therefore *affirmed*.
WORLEY, C. J., did not participate.

---

[2] *United States* v. *Josebra Co.* 41 CCPA 206, C.A.D. 552; *Austin, Nichols & Co.* v. *United States,* 22 Cust. Ct. 33, C.D. 1155; *Continental Distributing Co.* v. *United States,* 24 Cust. Ct. 449, Abstract 54302; *Alfred Hart Distilleries, Inc.* v. *United States,* 33 Cust. Ct. 332, Abstract 58300; *Norman G. Jensen, Inc.* v. *United States,* 48 Cust. Ct. 304, Abstract 66357; *F. W. Myers & Co.* v. *United States,* 47 Cust. Ct. 358, Abstract 66197.
*C.A.D. 894.