No. 47186.—Protest 987529–G of Pensick & Gordon (Los Angeles).

Opinion by KEEFE, J. At the trial it was established that the importer had personally ordered the printing of the labels, supervised the exportation thereof from the United States to China through the port of Los Angeles, and identified the labels returned attached to the packages of firecrackers as the same labels as exported by him. The labels were noted upon the consular invoice and the affidavit for free entry was filed at the time of entry. The Government contends that the plaintiffs have failed to show that the exportation of the said merchandise appears upon the record of the customhouse at Los Angeles and that therefore free entry of the merchandise should be denied. The Government conceded that these labels were printed in the United States, shipped by the plaintiff to Hong Kong, and returned to the United States through the port of Los Angeles, the port from which they were originally shipped. The court stated that in view of various decisions of this and the appellate court it was not necessary to file a certificate of the collector of customs at the port from which the merchandise was exported, upon the theory that the collector is presumed to be familiar with his own records. On the record presented the labels in question were held entitled to free entry as claimed, the required regulations having been fully complied with. United States v. Saunders (8 Ct. Cust. Appls. 82, T. D. 37200) cited.