(C. D. 1210)

PARROTT & COMPANY *v.* UNITED STATES

United States Customs Court, Third Division

(Decided February 7, 1950)

*Lawrence, Tuttle & Harper* (*Walter I. Carpeneti* and *George R. Tuttle* of counsel) for the plaintiff.

*David N. Edelstein,* Assistant Attorney General (*Joseph E. Weil, Dorothy C. Bennett,* and *William J. Vitale,* special attorneys), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

JOHNSON, Judge: The importation in controversy in the instant case consisted of 2,262 cases of port wine, each containing 12 bottles of four-fifths of 1 quart capacity; 1,750 cases of sparkling wine in bottles of 27-ounce capacity, 12 bottles to the case; and 450 cases of sparkling wine in bottles of 13½-ounce capacity, 24 bottles to the case.

The evidence produced at the trial and the official papers disclose that the merchandise arrived in the United States at the port of Philadelphia and was entered at that port for immediate transportation under bond to the port of Seattle, Wash., the port of destination. There, the shipment was entered for consumption. At Philadelphia, before transshipment, certain breakage of bottles and loss of contents were noted by the discharging inspector. At Seattle, there was a considerably greater loss by breakage and shortage of the contents. The collector disallowed all breakage or other loss relative to the port wine. As to the sparkling wine in 27-ounce bottles, allowance in duties was made for 1½₂ cases, which was part of the shortage

reported at Philadelphia and set out in the importer's affidavit of shortage. No allowance was made for breakage or loss of sparkling wine in 13½-ounce bottles. Upon arrival of the shipment at Seattle, it was subjected to fumigation under customs supervision and then released for consumption. However, samples were sent to the Seattle station of the Food and Drug Administration of the Federal Security Agency under the provisions of the Federal Food, Drug, and Cosmetic Act for analysis. The importer was notified that the goods must be held intact pending analysis and that in the event the goods fail to comply with the Federal Food, Drug, and Cosmetic Act, notification was also given therein that the cases in the shipment must be returned to the collector for destruction or exportation. Subsequently, the Federal Security Agency issued an order permitting the importer to segregate the shipment by candling the "good portion" and "reject portion." The goods were candled under customs supervision and it was found that the bottles in 622%₁₂ cases contained glass particles and were rejected. Such portion of the goods was destroyed under customs supervision and duties thereon were remitted. There were 1,056%₁₂ cases out of the lot of 1,750 cases originally imported which were finally released by the Government for consumption within the United States. Out of the original importation of 1,750 cases of sparkling wines in 27-ounce bottles, only 1,713%₁₂ cases were subjected to candling processes, the remainder having been previously found short by reason of breakage or otherwise. Due to the candling operations, 35 additional cases were found to contain only broken, cracked, or missing bottles. A thorough study of the documentary evidence establishes the exact amount of loss due to breakage and other causes. The entry also establishes the quantity upon which internal revenue taxes were assessed.

The plaintiff in this case claims that a refund of duty should have been made for all of the loss of wine from broken bottles in excess of 10 per centum of the contents of any one case found by the discharging inspector at the port of Seattle and that the collector erred in limiting the allowance to the extent of the breakage over 10 per centum of the contents of any one case, as reported by the discharging inspector at the port of Philadelphia.

The plaintiff further claims that a refund of duty and internal revenue tax should have been made on the 420 bottles, 27 fluid-ounce capacity of sparkling wine, equivalent to 35 cases, which were found broken, or cracked, and empty throughout the net quantity actually received of 1,713%₁₂ full cases, when this quantity, following its detention by the Food and Drug Administration of the Federal Security Agency, was segregated by candling into a "good portion" consisting of bottles free of glass particles, and a "reject portion" consist-

ing of bottles containing glass particles. In other words, since only the "good portion" of 1,056$\frac{3}{12}$ full cases was released for consumption by the Food and Drug Administration and the remainder of the importation of sparkling wine in 27-ounce bottles was denied entry for consumption, the collector, upon liquidating the entry, in addition to the allowance of duty and internal revenue tax on the 622$\frac{9}{12}$ cases, rejected and destroyed under the supervision of the customs, should have made an allowance of duty and internal revenue tax on the 35 cases found broken and empty at the time the goods were candled.

Later the protest was amended clarifying the foregoing claims, citing section 558 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, and paragraph 813.[1]

The action came on for hearing and was submitted by both sides. Later, plaintiff moved that the submission be set aside and that the action be restored to the calendar. The motion was granted. When the case again came to trial counsel for the plaintiff further moved to amend so as to include the claim under paragraph 813, as amended by the enactment by Congress of Public Law 612,[2] which repealed the language in effect at the time the goods were entered and substituted new language therefor. Inasmuch as the motion had been made after the initial call of the calendar, it was denied as untimely under rule 9 (2) of the Rules of the United States Customs Court, adopted May 29, 1936, as amended.

---

[1] Par. 813 of the Tariff Act of 1930, amended by section 32, Customs Administrative Act of 1938, to read as follows:

There shall be no constructive or other allowance for breakage, leakage, or damage on wines, liquors, cordials, or distilled spirits, except that when it shall appear to the collector of customs from the gauger's return, verified by an affidavit by the importer to be filed within fifteen days after the delivery of the merchandise, that a cask or package has been broken or otherwise injured in transit from a foreign port and as a result thereof a part of its contents, amounting to 10 per centum or more of the total value of the contents of the said cask or package in its condition as exported, has been lost, allowance therefor may be made in the liquidation of the duties.

[2] [PUBLIC LAW 612—80TH CONGRESS]

[CHAPTER 425—2D SESSION]

[H. R. 5965]

AN ACT

To amend paragraph 813 of the Tariff Act of 1930.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That paragraph 813 of schedule 8 of the Tariff Act of 1930 is amended to read as follows:

"PAR. 813. Notwithstanding any other provision of this Act, the duties imposed on beverages in this schedule which are subject also to internal revenue taxes shall be imposed only on the quantities subject to such taxes."

SEC. 2. This amendment shall be effective as to all such merchandise entered, or withdrawn from warehouse, for consumption on or after the day following the date of the enactment of this Act and shall apply also to any such merchandise entered or withdrawn before that day with respect to which the liquidation of the entry or withdrawal, the exaction, or the decision as to dutiable quantity has not become final by reason of section 514, Tariff Act of 1930.

Approved June 8, 1948.

Counsel for the plaintiff contends that relief should be granted upon all losses occurring at the port of Seattle rather than at the port of Philadelphia in view of the decision in *United States* v. *Somerset*, 33 C. C. P. A. 138, C. A. D. 328. Also that greater relief should be granted by virtue of the amendment of paragraph 813 by Public Law 612, as construed in the case of *Austin, Nichols & Co., Inc.* v. *United States*, 22 Cust. Ct. 33, C. D. 1155. It is also further contended that inasmuch as the 1,750 cases of sparkling wine in 27-ounce bottles had been detained upon the order of the Food and Drug Administration, and that only 1,056$\frac{3}{12}$ cases were finally released by the Government for consumption, relief in duties and internal revenue tax should be granted upon 35 cases reported at the time of candling as containing broken, empty, and cracked bottles, citing as authority *United States* v. *Mackay*, 34 C. C. P. A. 127, C. A. D. 355.

Counsel for the Government concedes that under authority of the *Somerset* and *Mackay* cases, *supra*, the importer is entitled to allowance for loss of wines through breakage or leakage while in transit to Seattle and that the claim for an allowance in duties upon the 35 cases would seem proper. However, Government counsel urges that the plaintiff has failed to prove that such allowances were not made by the collector in liquidating the entry, and that without a more complete analysis or listing of the items there would be danger of a double allowance, particularly on the 35 cases found to contain empty and broken bottles at the time of candling operations, and also that there is no proof in the record to establish that the internal revenue tax was collected upon the 35 cases.

Counsel for the Government further contends that an allowance in duties upon quantities in excess of the quantities subject to the imposition of internal revenue taxes under the provisions of Public Law 612, *supra*, is untenable, first, because there is no such claim in the protest and the court may not issue judgment upon a question not before it, citing among other cases *Tower & Sons* v. *United States*, 11 Ct. Cust. Appls. 155, T. D. 38947, and that the matter of the application of the provisions of Public Law 612 is for the determination of the collector upon reliquidation; that he has original jurisdiction in that respect and that it is presumed that he will do his duty.

The evidence before the court fully establishes that the only allowance in duties made by the collector was for the 1$\frac{1}{12}$ cases of sparkling wine in 27-ounce bottles, and the 622$\frac{4}{12}$ cases of wine which were rejected under the provisions of the Federal Food, Drug, and Cosmetic Act. Therefore, no allowance in duties was made for the 35 cases of sparkling wine in 27-ounce bottles found destroyed at the time of candling, or for any other shortage or loss by breakage reported by the discharging inspector at Seattle. No evidence is found

in the record to establish that allowance also was not made in the assessment of internal revenue tax upon such short or broken items.

Inasmuch, however, as the provisions of paragraph 813, *supra*, have been amended by Public Law 612, *supra*, the issue before us which must be first decided is whether the provisions of such law apply to the importation in question. If they are applicable it will be unnecessary to set out in detail the evidence in support of the other losses, for which allowance was not made by the collector, in conformity with the *Somerset* case, *supra*, or the *Mackay* case, *supra*.

Since the collector liquidated the entry in question, and the protest against such liquidation was filed under the provisions of section 514 of the Tariff Act of 1930, and 90 days thereafter, wherein the collector may reconsider his action, has elapsed, he has lost jurisdiction of the subject matter. By reason of such law this court has gained jurisdiction. After the case came before this court and the evidence as to the broken and missing bottles was produced, the Congress enacted Public Law 612, *supra*, which invades every paragraph and administrative section relative to alcoholic beverages. It expressly provides "the *duties* imposed on beverages in this schedule which are subject also to internal revenue taxes *shall be imposed* only on the quantities subject to such taxes." [Italics not quoted.] The law does not state that the amount of duties shall be imposed by the collector, or shall be such duties as are determined by the collector, or that duties shall be imposed only upon such beverages over which the collector has original jurisdiction. On the other hand, Public Law 612 distinctly and specifically states in plain and unambiguous language that duties shall be imposed only on the quantities subject to internal revenue taxes. It not only amends paragraph 813 to make it effective at the time of enactment, but also expressly sets out that the new provisions thereof shall be retroactive and made specially applicable to any merchandise with respect to which the liquidation of the entry or decision as to dutiable quantity has not become final by reason of section 514. Thus we have a novel situation of having alcoholic beverages imported in 1944 becoming subject to the terms of a law enacted in 1948, wherein large quantities of such goods originally dutiable at the time of entry become nondutiable solely because of the retroactive features of Public Law 612.

In view of the provisions of section 514, this court has jurisdiction over the question of the quantity of wine imported herein subject to the imposition of duty. The collector has lost all jurisdiction concerning the question of quantity until this court decides the question before it and returns the papers to the collector for his action in accordance with the decision therein. In the case of *Austin, Nichols & Co., Inc.*, *supra*, wherein this court construed Public Law 612, it

was held that as paragraph 813, as amended, now provides, it is mandatory that entries shall be reliquidated and duties assessed only upon quantities subject to the levy of internal revenue taxes, and that this court has authority to find that duty was taken upon the basis of too great a quantity. Therefore, insofar as it is claimed in the protest that duty was taken upon the basis of too great a quantity, it is held that the court may act even though Public Law 612, *supra*, was not pleaded.

In view of the fact that paragraph 813, *supra*, as amended by Public Law 612, *supra*, is applicable to the quantities of merchandise before us in this case, and the law directs that duties shall be imposed only on the quantities subject to internal revenue taxes, judgment will be entered directing the collector to reliquidate the entry in accordance with the provisions of paragraph 813, as now in force, and make refund of all duties taken upon quantities in excess of the quantities upon which internal revenue taxes are finally assessed. The claim that internal revenue taxes were improperly assessed upon 35 cases of sparkling wine in 27-ounce bottles is overruled because of lack of proof.