**No. 55091.**—Cedar Valley Distillery, Inc. *v.* United States, protest 129186–K/1094 (Chicago).

JOHNSON, Judge: This action involves the duties assessed upon 15 barrels of Cuban rum originally entered at the port of Cleveland and shipped to Chicago in bond, where it was eventually abandoned to the Government and destroyed under customs supervision. The plaintiff claims that the quantity upon which duty was assessed should not have been greater than that upon which internal revenue tax was assessed.

At the trial the deputy collector in charge of the liquidation division at the port of Chicago testified on behalf of the plaintiff that the 15 barrels of Cuban rum were shipped to Chicago in bond under withdrawal for transportation where a rewarehouse entry was made on May 17, 1944, and nearly 2 years later, on May 9, 1946, the 15 barrels of rum were abandoned to the Government. At the time of abandonment, the deputy collector testified the gauger made a regauge and found only 288.35 proof gallons of rum in the barrels and that the entire contents of the barrels were destroyed under customs supervision. The witness further testified that the total quantity imported at the port of Chicago was gauged at 1,001.95 gallons and that the difference between 288.35 gallons and 1,001.95 gallons, or 713.60 gallons, had been lost through evaporation or leakage prior to abandonment; that the collector reliquidated the entry on November 1, 1946, respecting the internal revenue tax, remitting all tax assessed thereon, but, as to the duties, the allowance was made only upon the quantity actually destroyed, that is, 288.35 gallons; and that the collector sent a demand to the importer for the payment of $1,427.20 in duties upon said 713.60 gallons which had been lost through evaporation or leakage at the rate of $2 per gallon under the provisions of paragraph 802 of the Tariff Act of 1930, as amended.

In the case of *Parrott & Company* v. *United States*, 24 Cust. Ct. 71, C. D. 1210, this court, in construing Public Law 612, which amended paragraph 813, stated that it invades every paragraph and administrative section relative to alcoholic beverages, expressly providing that duties imposed on beverages in schedule 8, which are also subject to internal revenue taxes, "shall be imposed only on the quantities subject to such taxes." There the court also stated as follows:

* * * Public Law 612 distinctly and specifically states in plain and unambiguous language that duties shall be imposed only on the quantities subject to internal revenue taxes. It not only amends paragraph 813 to make it effective at the time of enactment, but also expressly sets out that the new provisions thereof shall be retroactive and made specially applicable to any merchandise with respect to which the liquidation of the entry or decision as to dutiable quantity has not become final by reason of section 514. Thus we have a novel situation of having alcoholic beverages imported in 1944 becoming subject to the terms of a law enacted in 1948, wherein large quantities of such goods originally dutiable at the time of entry become nondutiable solely because of the retroactive features of Public Law 612.

We have before us a somewhat similar situation where Cuban rum became dutiable in 1944 upon the basis of the entered quantity but in 1948 becomes nondutiable on account of the retroactive features of Public Law 612, section 2, providing as follows:

This amendment shall be effective as to all such merchandise entered, or withdrawn from warehouse, for consumption on or after the day following the date of enactment of this Act and shall apply also to any such merchandise entered or withdrawn before that day with respect to which the liquidation of the entry or withdrawal, the exaction, or the decision as to dutiable quantity has not become final by reason of section 514, Tariff Act of 1930.

When the merchandise was abandoned to the Government to be destroyed under customs supervision, the barrels were withdrawn from warehouse for such purpose. The changed condition caused a reliquidation of the entry. At the time of the passage of Public Law 612, a protest was pending before this court under the provisions of section 514 against the action of the collector in demanding duties upon quantities of merchandise not contained in the 15 barrels at the time of destruction. Before trial, in order to make the protest more specific, an amendment thereof was proposed and accepted, that by reason of Public Law 612 no duties should have been assessed.

In view of the fact that paragraph 813, *supra*, as amended by Public Law 612, is applicable to the quantities of alcoholic beverages before the court in this case, and the law directs that duties shall be imposed only upon the quantities subject to the imposition of internal revenue taxes, judgment will be entered directing the collector to reliquidate the entry in accordance with the provisions of paragraph 813, as now in force, and refund all duties taken upon the 713.60 proof gallons of Cuban rum not found in the 15 barrels at the time of destruction under customs supervision.