(C. D. 1650)

NORMAN G. JENSEN, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided November 4, 1954)

*Lawrence & Tuttle* (*Charles F. Lawrence* of counsel) for the plaintiff.
*Warren E. Burger*, Assistant Attorney General, for the defendant.

Before EKWALL and JOHNSON, Judges

EKWALL, Judge: This case, which involves an importation of sweet clover seed from Canada, has been submitted upon the following stipulation by counsel:

1) The merchandise involved in this case consists of 78 bags of sweet clover seed imported from Canada and entered at the port of Noyes, where it was assessed with duty as provided by paragraph 763, Tariff Act of 1930. At time of entry the collector of customs released the seed to the consignee under bond, as prescribed by the Federal Seed Act, 7 USC 1582 (a) and joint regulations thereunder, 8 CFR 201, TD 50071. Also, samples of the seed were delivered to the appropriate agency of the Department of Agriculture, as provided by that act, and after examination thereof admission of the seed was officially refused and as required by section 1581 (a) (1) of the act said agency notified the consignee of the seed that its importation was prohibited. Within 12 months from the date of aforesaid notice of refusal the consignee exported the seed to Canada through the port of Noyes, but this was not done under customs supervision.

2) Subsequently to aforesaid reexportation, the collector of customs asserted that above-mentioned bond given under the Federal Seed Act had been violated and payment of liquidated damages was demanded accordingly, but on petition of the importer for remission the Bureau of Customs on May 10, 1950, informed the collector that the claim for liquidated damages had been canceled under the provisions of section 623, Tariff Act of 1930.

3) The report of the collector, together with the invoice and entry papers and all other accompanying official documents which were transmitted by him to this court in connection with this protest may be admitted in evidence herein, and on this stipulation the case may be deemed to be submitted, time for briefs being allotted as follows: To plaintiff, 60 days after approval of this stipulation; to defendant, 60 days after service of plaintiff's brief.

Plaintiff's claim, as originally made, demanded a refund of the duty paid upon the seed under the provisions of section 558 (a) (2) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (T. D. 49646). In an amendment to the pleadings, it is claimed

that, as the merchandise was illegally imported and was subsequently exported to a foreign country, duty was illegally imposed thereon.

Section 558, *supra*, as amended, is in the following language:

SEC. 558. NO REMISSION OR REFUND AFTER RELEASE OF MERCHANDISE.

(a) No remission, abatement, refund, or drawback of estimated or liquidated duty shall be allowed because of the exportation or destruction of any merchandise after its release from the custody of the Government, except in the following cases:

(1) When articles are exported with respect to which a drawback of duties is expressly provided for by law;

(2) When prohibited articles have been regularly entered in good faith and are subsequently exported or destroyed pursuant to a law of the United States and under such regulations as the Secretary of the Treasury may prescribe; and

(3) When articles entered under bond, under any provision of law, are destroyed within the bonded period as provided for in section 557 of this Act, or are destroyed within the bonded period by death, accidental fire, or other casualty, and proof of such destruction is furnished which shall be satisfactory to the Secretary of the Treasury, in which case any accrued duties shall be remitted or refunded and any condition in the bond that the articles shall be exported shall be deemed to have been satisfied.

(b) When articles are exported or destroyed under customs supervision after once having been released from customs custody, as provided for in subsection (c) of section 304 of this Act, such exportation or destruction shall not exempt such articles from the payment of duties other than the marking duty provided for in such subsection (c).

It is contended on behalf of the plaintiff, in the brief filed, that section 558, *supra*, is not applicable to this transaction so as to preclude abatement of duty, because of the bond, under which this clover seed came into the importer's possession and was exported, and because of the special provisions of the Federal Seed Act, 7 U. S. C. § 1581, *et seq.* Said Federal Seed Act, in section 1582 thereof, provides for procedure relating to importations of seed, such as sampling, etc., and further provides:

* * * Seed or screenings refused admission and not exported by the consignee within twelve months from the date of notice of such refusal shall be destroyed in accordance with joint rules and regulations prescribed under section 1592 of this title: *Provided,* That the Secretary of the Treasury may deliver to the consignee such seed or screenings pending examination and decision in the matter or for staining, if it be seed which is required to be stained, or for cleaning, on the execution of a redelivery bond for such amount as may be necessary under joint rules and regulations prescribed under section 1592 of this title, and on refusal to return such seed or screenings for any cause to the custody of the Secretary of the Treasury, when demanded, for the purpose of excluding such seed or screenings from the country, or for any other purpose, said consignee shall forfeit the full amount of the bond as liquidated damages: * * *.

Joint rules and regulations pertaining to the Federal Seed Act were promulgated in 7 C. F. R., part 201 (T. D.'s 50071, 50458, and 51363). We quote the pertinent provisions therefrom as follows:

§ 201.218 *Delivery under bond.* After samples of seed or screenings offered for importation into the United States from any foreign country have been drawn, such seed or screenings shall be admitted into the commerce of the United States only after the seed or screenings have been found to meet the requirements of the act and these regulations. *Provided, however,* That if each and every container of such seed or screenings is stenciled to show the name of the kind or variety of the seed and a lot number or designation identifying the lot of seed, collectors of customs may release from customs custody for delivery to the owner or consignee shipments which have been sampled, pending examination and decision in the matter, upon the execution on the appropriate form of either a customs single-entry bond or a customs term bond in such amount as is prescribed for such bond in customs regulations in force on date of entry, which bond shall contain a condition for the redelivery of the seed or screenings or any part thereof upon demand of the collector of customs at any time. Prior to being so admitted, the seed or screenings shall be kept intact and not tampered with in any way, or removed from the containers except under supervision as provided by regulation. The bond shall be filed with the collector of customs, who, in case of default, shall take appropriate action to effect the collection of liquidated damages equal to the value of the entire shipment as set forth in the entry plus the estimated duty thereon, if any. [T. D. 50458 and T. D. 51363.]

§ 201.221 *Shipments through United States.* Seed shipped in bond through the United States is not subject to the import requirements of the Act. [T. D. 50071.]

§ 201.230 *Exportation or destruction.* (a) Seed or screenings refused admission into the commerce of the United States shall be exported by the owner or consignee within 12 months of the date of notice of such refusal or at the expiration of such 12-month period the rejected seed or screenings shall be destroyed under the supervision of an employee or authorized agent of the United States Department of Agriculture in such manner as may be determined by the United States Department of Agriculture.

(b) When seed or screenings which have been refused admission into the commerce of the United States are exported the collector of customs shall notify the office of the United States Department of Agriculture that issued the notice of rejection and shall also submit to said office a sample drawn from the seed at the time of exportation.

(c) The destruction of seed or screenings refused admission shall be at the expense of the owner or consignee who shall also reimburse the Government for the expense of travel required to perform such supervision. The United States Department of Agriculture shall make a report of such destruction giving the amount by weight to the collector of customs at the port of entry of such seed or screenings. [T. D. 51363.]

It is contended on behalf of the plaintiff in the brief that the stipulated facts, in view of the law and the regulations above set forth, bring the instant case within the scope of *United States* v. *Mackay,* 34 C. C. P. A. (Customs) 127, C. A. D. 355; *Parrott* v. *United States,* 24 Cust. Ct. 71, C. D. 1210; *De Cardi* v. *United States,* 22 Cust. Ct. 147, C. D. 1173. In the cited cases, the merchandise was exported under customs supervision or from actual customs custody, and the court held duty should be refunded. Those cases are, therefore, distinguishable from the instant case in that, here, the exportation was

not under customs supervision, nor do we find evidence in the record that the seed was exported from actual customs custody.

Plaintiff cites also the case of *Kreutz* v. *United States*, 20 C. C. P. A. (Customs) 109, T. D. 45752, involving an importation of ergot of rye, in which the court held the merchandise not subject to duty, although not exported under customs supervision. There, the court held that, inasmuch as the merchandise was prohibited by law, no duties were assessable, citing the case of *McLean* v. *United States*, 6 Pet. 404. We quote the language of the court as follows:

> We are therefore of the opinion that, inasmuch as it appears that the condemned merchandise here in question never actually entered into the commerce of the United States, but was actually exported, though not under customs supervision, it was not subject to duty *because its importation was prohibited and duties could not be lawfully assessed thereon.* [Italics supplied.]

The conclusion reached by the court that duties could not lawfully be assessed on merchandise the importation of which was prohibited has no application under the Tariff Act of 1930, wherein it is provided that duties shall be assessed upon all imported merchandise, including that which is prohibited from importation. Section 401 (c) of the administrative provisions thereof (19 U. S. C. § 1401 (c)) defines "merchandise" as follows:

> (c) MERCHANDISE.—The word "merchandise" means goods, wares, and chattels of every description and includes merchandise the importation of which is prohibited.

This language first appeared in the Tariff Act of 1922 and was reenacted in the act of 1930. In view of that statutory provision, the above quotation from the decision in the *McLean* case, holding that no duties, as such, can accrue upon the importation of prohibited goods, is not controlling in cases under either of those acts. In later cases, it has been held that Congress has power to tax prohibited merchandise. See *United States* v. *Yuginovich*, 256 U. S. 450, 462; *United States* v. *Stafoff*, 260 U. S. 477, 480; *United States* v. *Two Automobiles, etc.*, 2 Fed. 2d 264, 266; *United States* v. *One Ford Coupe Automobile*, 272 U. S. 321, 326; *United States* v. *Cahill*, 13 Fed. 2d 83, 85; *Boston Brokerage Co.* v. *United States*, 22 C. C. P. A. (Customs) 461, T. D. 47454; and *Specialty Trading Co.* v. *United States*, 69 Treas. Dec. 1067, T. D. 48385.

On the meager record, we find that the collector's action in assessing duty on the clover seed involved at 1 cent per pound under paragraph 763 of the Tariff Act of 1930, as modified (T. D. 51802), was in conformity with the law. The plaintiff's claims are, therefore, overruled.

Judgment will be rendered accordingly.