BEFORE THE THIRD DIVISION, DECEMBER 14, 1964

No. 68945.—S. F. Pellas Co. v. United States, protests 62/1463, etc. (San Francisco).

DONLON, Judge: The merchandise of the protests recited in schedule A, attached to and made a part of this decision, is soluble or instant coffee which was assessed with duty at 3 cents per pound under paragraph 776 of the Tariff Act of 1930. Plaintiff, by protest amendment, claims that this coffee is free of duty under Public Law 88–337, which was approved by the President and became effective June 30, 1964. (T.D. 56218.)

Public Law 88–337 amends Title I of the Tariff Act of 1930 (Tariff Schedules of the United States; 28 Federal Register, part II, page 59, August 17, 1963) by striking out items 160.20 and 160.21 of the Tariff Schedules and inserting in lieu thereof the following:

|  | Coffee extracts, essences, and concentrates (including soluble or instant coffee): |  |  |
|---|---|---|---|
| 160.20 | Soluble or instant coffee (containing no admixture of sugar, cereal, or other additive)_____ | Free | Free |
| 160.21 | Other_____ | 3¢ per lb. | 3¢ per lb. |
| 160.22 | If products of Cuba_____ | 2.4¢ per lb. (s) | |

Counsel have submitted these cases on the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto, subject to the approval of the court, as follows:

That the merchandise covered by the entries and protests enumerated in Schedule A annexed hereto and made a part hereof and assessed for duty at 3 cents per pound under Paragraph 776 of the Tariff Act of 1930, consists of soluble or instant coffee (containing no admixture of sugar, cereal or other additive), a product of Nicaragua.

That said protests are abandoned as to all other merchandise.

That the merchandise covered by the entries enumerated in Schedule A was entered or withdrawn from warehouse prior to August 31, 1963, the effective date of the Tariff Schedules of the United States.

That said protests were filed on all of the entries enumerated in said Schedule A, under Section 514 of the Tariff Act of 1930, within 60 days after the dates of liquidation thereof, and that said protests were pending for decision by this court on June 30, 1964, the date of enactment of Public Law 88–337, 88th Congress.

That within 120 days after the date of the enactment of Public Law 88–337, 88th Congress, approved June 30, 1964, a request was filed with the Collector of Customs at the port of entry for reliquidation and classification of the said merchandise free of duty under said Public Law 88–337.

That the protests enumerated in Schedule A may be submitted on this stipulation, the same being limited to the merchandise as aforesaid.

Public Law 88–337 provides free entry for such soluble or instant coffee (containing no admixture of sugar, cereal, or other additive) entered or withdrawn for consumption on or after June 30, 1964; and further provides that, in the case of entries or withdrawals prior to June 30, 1964, if the entry had not been liquidated or liquidation had not become final on June 30, 1964, free entry may be accorded upon request therefor filed with the collector of customs on or before October 28, 1964.

We find that the said soluble or instant coffee was entered or withdrawn from warehouse for consumption before June 30, 1964; that these protests were timely filed with the court and are now pending, and that the finality of liquidation of these entries covering soluble or instant coffee has been stayed by such protests; and that request for free entry was made to the collector of customs on or before October 28, 1964.

Accepting the stipulation as a statement of facts, we hold that the merchandise of these protests, consisting of soluble or instant coffee (containing no admixture

of sugar, cereal, or other additive), the product of Nicaragua, assessed with duty at 3 cents per pound under paragraph 776 of the Tariff Act of 1930, is free of duty under item 160.20 of the Tariff Schedules, as amended by Public Law 88–337.

To the extent indicated, the protests are sustained. In all other respects, the protests are overruled.

Judgment will be entered accordingly.