BEFORE THE THIRD DIVISION, AUGUST 30, 1965

**No. 69526.**—American Express Company *v.* United States, protest 62/17245–12875 (Chicago).

DONLON, Judge: An aggregate of 5,950 pieces, described as seamless rolled steel frames, were imported by truck from Canada at the port of Chicago on January 28, 1960. American Express Company certified itself as the owner or consignee of the merchandise for purposes of making entry.

Form 3311, signed by M. L. Duhl, as secretary of Ekco Products Company, was filed with the entry papers. This, a declaration for free entry of returned American products, recited that the merchandise had been shipped by Ekco Products Company of Chicago, between August 30 and September 10, 1958, to Ekco Products Co. Canada, Ltd., of Toronto, and returned at Chicago.

The examiner at Chicago reported on May 16, 1961, that he was unable to identify the imported merchandise as American goods returned. The entry was liquidated on October 4, 1961, and duty of $1,164.51 was paid on February 23, 1962.

The sole protest claim, filed by American Express Company with the Chicago collector on December 1, 1961, is that the merchandise is entitled to free entry, under paragraph 1615, as American goods returned without being advanced in value or improved in condition, and on which drawback was not claimed. As grounds for its claim, the protest recites the following:

Export Certificate could not be furnished due to the fact that the Collector of Customs at port of original exportation has indicated the records for the dates involved have been destroyed. In lieu thereof we attach copies of Export Declaration, Shipping Invoice and Carrier's Manifest to cover the exportation.

The papers referred to in the protest were transmitted to the court by the collector with the official papers. They variously refer to 33 crates, or boxes, of sheet steel baking pans manifested at Sarina, Ontario, from Port Huron, and to 2,000 Ekco transportrays.

From the record it is sufficiently clear that whatever export there may have been of Ekco transportrays to Canada was not from Chicago, and Chicago is the port of entry. Defendant asserts that there is not sufficient evidence of record to establish that these 5,950 Ekco transportrays were exported at Port Huron. We find this to be so. The record is deficient as to such proofs.

The obligation that is laid on an importer who claims, under paragraph 1615, duty free entry for American goods returned, is to prove to the satisfaction of the collector that they are such goods and that drawback has not been claimed or paid.

Paragraph 1615, as amended, includes the following provision, subparagraph (h):

The allowance of total or partial exemption from duty under any provision of this paragraph *shall be subject to such regulations as to proof of identity and compliance with the conditions of this paragraph as the Secretary of the Treasury may prescribe.* [Emphasis added.]

Pursuant to this statutory directive, the Secretary prescribed, by his regulations (19 C.F.R., sec. 10.1), for the filing of three documents to support claim for duty exemption under paragraph 1615, *viz.*, a declaration by the foreign shipper; a declaration on customs Form 3311 by the owner, importer, consignee, or agent; and a certificate, on customs Form 4467, of the collector at the port from which the merchandise was exported from the United States. Such certificate, when issued on application of the importer or of the collector at the importer's request, is to be mailed directly to the port at which it is to be used.

The regulations further provide that the certificate on Form 4467 is not required when export was from the same port as that at which entry is made "and the fact of exportation appears on the records of the customhouse." Here, export was not from Chicago.

The certificate is not required when "the articles are unquestionably products of the United States * * * and the collector is satisfied by reason of the nature of the articles or otherwise that no drawback * * * was allowed when the articles were exported from the United States."

After a long interval in which there seemed to be no clear understanding as to what the port of export had been (a lack of understanding not ascribable to this plaintiff, who had no part in the export transaction, but which is ascribable to plaintiff's principal, Ekco), a request for certification of the exportation arrived at Port Huron too late for the collector there to ascertain from his records whether or not these articles had been exported through that port. In response to plaintiff's belated request for the Form 4467 certificate, the Port Huron collector reported that, pursuant to the established and regular customs procedure to destroy records after 3 years, his records for the dates of asserted export had already been destroyed when he received the request for certificate.

The collector is authorized to waive record evidence of exportation if he is satisfied by the production of other evidence as to the existence of all the facts upon which the free entry of the merchandise under paragraph 1615 is dependent. The Chicago collector was not satisfied by such other evidence as plaintiff produced, and has not waived compliance.

Has plaintiff brought itself within the four corners of the precedents which permit proofs, alternative to the certificate, when it is shown to be impossible to obtain the certificate?

The first question is whether these transportrays have been shown to be *unquestionably* products of the United States. *Unquestionably* is a strong word.

In Webster's New International Dictionary, second edition, 1956, the adverb form is defined under the adjective form, *unquestionable,* as—

1. Not questionable; indisputable; as, an *unquestionable* title. 2. Acknowledged as beyond question or doubt; as, an *unquestionable* status as a statesman.

Questionable is defined as—

3. Open to doubt or to being called in question; not sure, exact, or decided; problematical.

The only case which plaintiff cites in support of its case is *J. F. Goldcamp & Co.* v. *United States,* 38 Cust. Ct. 376, C.D. 1890. Plaintiff's proofs there were found insufficient, and the protest claim for duty-free entry as American goods returned was overruled.

Our opinion in the *Goldcamp* case reviewed a considerable number of prior decisions. Acceptable proofs, alternative to the certificate, were said to include documentary proofs establishing export, such as a duplicate parcel-post receipt. *Draeger Shipping Co., Inc.* v. *United States,* 2 Cust. Ct. 676, Abstract 41131.

In *Thornley & Pitt a/c Earl Investment Corpn.* v. *United States,* 33 Cust. Ct. 136, C.D. 1645, in which plaintiff's proofs were largely oral testimony, the Second Division held that there was no evidence from which it could be found that the articles were American goods returned without having been advanced in value.

The documentary evidence here adduced is inconclusive. It consists of copy of a letter from American Express Company, Chicago, to the Collector of Customs at Port Huron, with copies of three attachments, each a proposed Form 4467 certificate. (Collective exhibit 2.) There is no document supporting the claimed identity of the goods asserted to have been exported. Exhibit 2 is, at most, a self-serving claim and proves nothing save that a request for certification was made on November 24, 1961.

As to oral testimony, no one testified where the articles had been exported. Plaintiff's counsel stated that they were exported at Port Huron (R. 20), but the statement of counsel is not proof. It seems obvious enough, in any event, that counsel's knowledge is hearsay; so that even if he had been on the witness stand, and he was not, it would be inadmissible as evidence of the fact.

Both of plaintiff's witnesses disclaimed any personal knowledge of the export transaction. Mr. Silberman said that the legend stamped on these transportrays, e.g., "8 Ekco 58, transportray" would indicate to him that the trays were made at the Ekco plant in Chicago in August 1958. (R. 6, 7.) Ekco also had a plant in Toronto in 1958, and these articles were imported from Canada. The stamped legend at most indicates manufacture somewhere by Ekco, but does not show where the manufacture occurred. Indeed, plaintiff's witness stated, as to manufacture in Canada, that the Canadian plant did not manufacture these transportrays "at the time they were returned to the United States." (R. 9.) This is not proof that they were not manufactured at some prior time.

Moreover, even were we to conclude that this proof suffices to establish American origin, and we do not so conclude, there is absent any proof as to drawback on export. Were the materials in the transportrays of American origin? We do not know. Mr. Silberman testified only that he had no knowledge of any drawback claim. This does not prove there was none.

There is here no such record as shows the *unquestionable* facts that are basic to plaintiff's case. The protest is overruled. Judgment will be entered accordingly.