(C.D. 2760)

H. R. Spinner Co. *v.* United States

United States Customs Court, First Division

(Decided September 12, 1966)

*Herbert A. Fierst* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

Before Oliver, Nichols, and Watson, Judges

Nichols, Judge: The merchandise in these cases consists of harvesting bins for apples exported from Canada and entered at Oroville, Wash., in April 1965. They were assessed with duty under item

204.30, TSUS, at 16⅔ per centum ad valorem as packing boxes, cases, crates, or other containers of wood used for packing, transporting, or marketing merchandise. The entries were liquidated on May 20, 1965; protests were filed on June 11, 1965; and the protests transmitted to the court on October 5, 1965. It is claimed in the protests that the merchandise is entitled to free entry under item 666.00, TSUS, as agricultural implements, not specially provided for.

These cases have been submitted on a stipulation of counsel for the respective parties, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the attorney for the plaintiffs and the Assistant Attorney General, attorney for the United States, subject to the approval of the Court, as follows:

1. That the merchandise covered by the entries and protests enumerated in Schedule A annexed hereto and made a part hereof, and represented by the items marked "A" on the invoices, and checked and initialed E. H. M. by Examiner E. H. Monroe, assessed with duty at the rate of 16⅔% ad valorem under Item 204.30 TSUS, consists of Wooden harvesting bins (apple picking), complete with metal parts and glue K/D, from Canada.

2. That said protests are abandoned as to all other merchandise.

3. That the merchandise covered by the entries enumerated in Schedule A was entered or withdrawn from warehouse on or after August 31, 1963, the effective date of the Tariff Schedules of the United States.

4. That said protests were filed on all of the entries enumerated in said Schedule A under Section 514 of the Tariff Act of 1930, as amended, within 60 days after the dates of liquidation thereof, and that said protests are pending for decision by this Court.

5. That the wooden harvesting bins covered by the entries and protests enumerated in Schedule A are designed for use in the harvesting of apples and other fruits.

6. That within 120 days after the date of the enactment of Public Law 89–241, 89th Congress, approved October 7, 1965, a request was filed with the Collector of Customs at the port of entry for reliquidation and reclassification of the said merchandise free of duty under said Public Law 89–241, Section 10 (a) : Item 204.27.

7. That the protests enumerated in Schedule A may be submitted on this stipulation, the same being limited to the merchandise as aforesaid.

\*          \*          \*          \*          \*          \*          \*

### CERTIFICATE

I have read the foregoing stipulation and am familiar with the merchandise covered by the protests therein. I have personally passed the items covered by the foregoing stipulation and have seen samples of said items.

It is my opinion that the items covered by the stipulation are similar in all material respects to the merchandise covered by the provisions of Section 10(a) of Public Law 89–241, and I do so certify.

E. H. MONROE

J. D. MACFARLANE
Asst. Dist. Director
Classification & Value

4/12/66
(Date)

Item 204.27 was added to the Tariff Schedules of the United States by amendment by the Tariff Schedules Technical Amendments Act of 1965, Public Law 89–241, T.D. 56511, enacted on October 7, 1965. It calls for free entry of "Containers designed for use in the harvesting of fruits and vegetables." That act also provides:

SEC. 2. EFFECTIVE DATE.

(a) Except as otherwise provided, the amendments and repeals made by this Act shall apply with respect to articles entered, or withdrawn from warehouse, for consumption after the 60th day after the date of the enactment of this Act.

(b) Upon request therefor filed with the collector of customs concerned on or before the 120th day after the date of the enactment of this Act, the entry or withdrawal of any article—

(1) which was made after August 30, 1963, and before the 61st day after the date of the enactment of this Act, and

(2) with respect to which the amount of duty would be smaller if the amendments and repeals made by this Act (other than the amendments made by sections 28 (a), 53 (a), 78 (a) and (b), and 87 (a)) applied to such entry or withdrawal,

shall, notwithstanding the provisions of section 514 of the Tariff Act of 1930 or any other provision of law, be liquidated or reliquidated as though such entry or withdrawal had been made on the 61st day after the date of the enactment of this Act.

In *S. F. Pellas Co.* v. *United States*, 53 Cust. Ct. 328, Abstract 68945, decided 1964, the third division had before it a stipulation in similar terms involving certain soluble or instant coffee which had been retroactively placed on the free list by Public Law 88–337. That act has an effective date clause substantially like the one in Public Law 89–241. The court accepted the stipulation as a statement of fact, determined that the designated merchandise was free of duty, and directed the collector to reliquidate. The enactment afterwards of Public Law 89–241, with a like clause, accordingly reflects that a like procedure is expected to be employed in protested cases pending before this court, when the parties can stipulate to facts showing that Public Law 89–241 retroactively determines the tariff status of the merchan-

dise. In this case, unlike Abstract 68945, the protest has not been amended to make a claim under item 204.27. However, this is of no consequence. Evidently the statutory request with the collector, here stipulated to have been properly filed, was intended to supersede the protest. In *Parrott & Company* v. *United States*, 24 Cust. Ct. 71, C.D. 1210, a retroactive enactment, partly relieving an importer of duties, was held effective as to a protest pending in this court, although the enactment took effect after the time for amending a protest had expired under the then rules of the court, and no amendment was allowed.

We find that the merchandise specified in the stipulation consists of containers designed for use in the harvesting of fruits and vegetables, that the entries were made after August 30, 1963, and before the 61st day after the enactment of Public Law 89–241 and that a proper request for reliquidation was filed with the customs officer concerned within 120 days after the date of enactment of that act.

We hold that the merchandise represented by the items marked with the letter "A" and with the initials of the examiner on the invoices accompanying the entries covered by the protests enumerated in schedule A, annexed hereto and made a part hereof, is free of duty under item 204.27 of the Tariff Schedules of the United States, as amended by Public Law 89–241.

As to all other claims, the protests are overruled.

Judgment will be rendered accordingly.