(C.D. 3143)

BORDER BROKERAGE COMPANY *v.* UNITED STATES

United States Customs Court, Third Division

(Decided October 5, 1967)

*Glad & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Carl Eardley*, Acting Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.

Before RICHARDSON and LANDIS, Judges

LANDIS, Judge: The gravamen of this protest is that a 1958 Chevrolet flat-bed truck, driven to Canada and there mounted with a hy-

draulic jacking system, should be charged with duty when returned to the United States. The collector assessed the truck, along with the hydraulic jacking system, at 12 per centum ad valorem under paragraph 372 of the Tariff Act of 1930, as modified by the Sixth Protocol to the General Agreement on Tariffs and Trade (T.D. 54108).

Plaintiff protests:

* * * that duty-free entry on the truck should be allowed on the basis of the purchase price or on $2500.00 as shown on the Entry. We believe that duty-free entry should be allowed either under Paragraph 1615(a) of the Tariff Act as "American Goods Returned" or under Paragraph 1615(g)(1) of the Tariff Act.

Paragraph 1615, as amended, in pertinent part, provides:

(a) Articles, the growth, produce, or manufacture of the United States, when returned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means; and articles, previously imported, with respect to which the duty was paid upon such previous importation, if (1) reimported, without having been advanced in value or improved in condition by any process of manufacture or other means, after having been exported under lease to a foreign manufacturer, and (2) reimported by or for the account of the person who imported them into, and exported them from, the United States.

    \*     \*     \*     \*     \*     \*     \*

(e) The foregoing provisions of this paragraph shall not apply to—

(1) Any article upon which an allowance of drawback has been made under section 1313 of this title or a corresponding provision of a prior tariff act, unless such article is in use at the time of importation as the usual container or covering of merchandise not subject to an ad-valorem rate of duty;

    \*     \*     \*     \*     \*     \*     \*

(g)(1) Any article exported from the United States for repairs or alterations may be returned upon the payment of a duty upon the value of the repairs or alterations at the rate or rates which would apply to the article itself in its repaired or altered condition if not within the purview of this subparagraph.

    \*     \*     \*     \*     \*     \*     . \*

(h) The allowance of total or partial exemption from duty under any provision of this paragraph shall be subject to such regulations as to proof of identity and compliance with the conditions of this paragrah as the Secretary of the Treasury may prescribe. * * * [19 U.S.C.A. § 1201.]

Drawback, referred to in paragraph 1615(e) denotes the duties refunded on previously imported duty paid merchandise, used in the United States to manufacture or produce articles subsequently exported from the United States.

It is a fact that this 1958 Chevrolet truck is of United States origin. The official papers, received in evidence, so note and the parties have so stipulated. (R. 3.)

Plaintiff's brief does not directly mention or press the claim for duty assessment on repairs and alterations under paragraph 1615(g)(1). What plaintiff asserts is that mounting the jacking system on the truck in Canada constituted a repair or alteration which did not advance the value of the truck or improve its condition within the meaning of paragraph 1615(a), citing, *C. J. Tower & Sons* v. *United States*, 33 Cust. Ct. 14, C.D. 1628.

In the *Tower* case, this court held that American goods returned are entitled to be entered free "so long as the American article itself has not been advanced in value or improved in condition and the identity thereof not lost by reason of its having been combined with foreign merchandise in such a manner that it cannot be readily identified." (33 Cust. Ct. at page 23.)

Since defendant does not argue or contend that mounting the jack in Canada advanced the truck in value or improved its condition, there is no need to further discuss that limitation on free entry. We note, however, that in this protested liquidation, the truck was appraised and liquidated as an entity, as were all the severally entered items. The appraisement as separate entities was, we assume, to assist the liquidation classification of items which the appraiser found were of United States origin. Plaintiff entered the truck free of duty under paragraph 1615 at a value of $2,500. The collector denied the truck free entry and assessed duty at 12 per centum of that value in the liquidation under paragraph 372. It is that duty which plaintiff seeks to have refunded in this protest.

As near as we can discern, no one contends that this truck is not legally classifiable under paragraph 1615(a), assuming it was properly documented on entry. The dispute we read in the briefs is the measure of plaintiff's compliance with the regulations, issued by the Secretary of the Treasury under authority of paragraph 1615(h), prescribing the proofs necessary to support claim for free entry under paragraph 1615.

The relevant customs regulations, cited by both sides, are sections 10.1 and 10.2 (19 C.F.R.). Section 10.1(a) prescribes the filing of three documents to support claim for duty exemption under paragraph 1615(a), viz, a declaration by the foreign shipper; a declaration on customs Form 3311 by the owner, importer, consignee, or agent; and a certificate, on customs Form 4467, of the collector at the port from which the merchandise was exported from the United States.

The regulations (section 10.1(a)(3)) further provide that certificate Form 4467 is not required "if the articles are unquestionably products

of the United States which have not been advanced in value or improved in condition while abroad and *the collector is satisfied by reason of the nature of the articles or otherwise that no drawback of duties or refund or remission of taxes was allowed when the articles were exported from the United States.*" [Emphasis added.] The same section also provides that Form 4467 is unnecessary for articles exported from the same port as that at which entry is made "and the fact of exportation appears on the records of the customhouse." The collector may waive the declaration of the foreign shipper if he is satisfied by the production of other evidence as to the existence of all the facts upon which the entry of merchandise under paragraph 1615 is dependent. (19 C.F.R., section 10.2.)

"Valid customs regulations made in pursuance of law have the force and effect of law and must be complied with as an act precedent to obtaining any special grant to which such regulations relate." *Maple Leaf Petroleum, Ltd.* v. *United States*, 25 CCPA 5, 8, T.D. 48976. Leeway to file is given in section 10.112, which provides that documents required by section 10 of the regulations may be filed any time prior to liquidation or, if the entry is liquidated, any time before the liquidation becomes final. Timely protest has stayed the finality of the entry liquidation on August 31, 1962, in this case. *Forté, Dupee, Sawyer Co.*, *a Div. of Forté-Fairbairn, Inc.* v. *United States*, 47 Cust. Ct. 347, Abstract 66163; *S. F. Pellas Co.* v. *United States*, 53 Cust. Ct. 328, Abstract 68945.

We agree with plaintiff that exhibit 1, "Affidavit of Repairs (Shipper)" filed September 18, 1962, substantially meets the form of the declaration of shipper specified in section 10.1(a)(1). It adequately identifies and values the 1958 Chevrolet truck which are of the substance of the form specified in the regulation. When offered in evidence, defendant objected to exhibit 1 and decision was reserved for the third division. (R. 16.) Defendant has now withdrawn its objection (defendant's brief, page 5). The exhibit is, therefore, received in evidence and we hold that it complies with that part of regulation section 10.1(a)(1) for the filing of a declaration of shipper.

Defendant agrees that customs Form 3311, filed August 23, 1958, meets the requirements of regulation section 10.1(a)(2) for the declaration of owner, importer, consignee, or agent.

The dispute here, then, turns on plaintiff's failure to turn up the third document specified in regulation section 10.1(a)(3), certificate of export Form 4467, to support free entry of this truck. Plaintiff argues that the truck left the United States at Blaine, Washington, some 3 days before it reentered at Blaine on March 14, 1958. If this were in fact so, and as plaintiff says, there was no requirement to file the form under

regulation section 10.1(a)(3). The rub is that we find no competent evidence of where or when the truck left the United States.

The entry document, part of the official papers in evidence, notes that "Chev. Truck exported Blaine, Wash. on own power by owners (Almas House Movers) March 10, 1958." While defendant did not object to the official papers being received in evidence, defendant did object to the papers as evidence of the truth of the statements contained therein. (R. 2, 3.) Upon this objection, which plaintiff accepted as valid, the official papers are inadmissible to prove the truth of the matters recited. *W. T. Grant Company* v. *United States*, 38 CCPA 57, C.A.D. 440.

Plaintiff makes the point that "[s]ince a shipper's export declaration had been filed (R. 7), the collector is presumed to have had notice of the exportation" and whether or not there was drawback, citing *Pensick & Gordon* v. *United States*, 8 Cust. Ct. 518, Abstract 47186. There is, as plaintiff well knows, no concession of fact in this case, as there was in *Pensick & Gordon*, as to the port of exportation. To the contrary, Mr. Al Grasher, president of Border Brokerage Company, customs broker and plaintiff here, testified that his firm, assisted by customs, was unable to turn up anything to document when or where the truck left the United States enroute to Canada and, unfortunately, they "weren't there at the time the driver went through." (R. 7.) Mr. Grasher also referred to the truck's California state certificate of registration filed with the official papers. This supports nothing more than the fact that the truck was of United States origin, a fact which is conceded.

The collector's entry notation refusing to waive documentation of where the truck left the United States belies plaintiff's further suggestion that export documentation was waived.

This truck is unquestionably a product of the United States, which has not, in the tariff sense, been advanced in value or improved in condition while abroad. To deny it free entry because it has not been established where or when the truck left the United States may make this out to be a hard case. The collector, however, must be satisfied that no drawback was allowed when the truck left the United States. Cf. *A. E. Coppersmith* v. *United States*, 50 Cust. Ct. 8, C.D. 2381; *American Express Company* v. *United States*, 55 Cust. Ct. 413, Abstract 69526. The fact that there is no competent evidence of where or when the truck left the United States does not establish that there was no drawback. The incidents of drawback are many and varied, see, *Mitsubishi International Corp. et al.* v. *United States*, 55 Cust. Ct. 319, C.D. 2597, which, in part, accounts for section 10, regulating the proofs necessary for American goods returned. Plaintiff was knowl-

edgeable on drawback. For plaintiff did, in fact, on the same entry as in this protest, enter additional articles as American goods returned free of duty under paragraph 1615. Properly identified on entry as exports from Blaine, Washington, and Pittsburgh, Pennsylvania, the collector certified the Blaine exports as without drawback, and waived documentation of the Pittsburgh export articles, valued at less than $250, under regulation section 10.1(f), without requiring a Form 4467 filing. Short of being impossible of proof, cf. *United States* v. *Coastwise Steamship & Barge Co.*, 9 Ct. Cust. Appls. 216, T.D. 38047, plaintiff could and should do no less to satisfy the collector where and when this truck left the United States. *Maple Leaf Petroleum, Ltd.* v. *United States, supra.*

Plaintiff's contention that the truck is free of duty under section 322 is not here discussed as the matter was not contained in the original protest and plaintiff's motion to set aside the submission and amend the protest in this respect, which was not made until the time of filing of plaintiff's brief herein, has heretofore been denied by the court.

The protest is overruled. Judgment will be entered accordingly.